UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MATTHEW E. WILSON,                              )
                                                )
                    Petitioner,                 )
                                                )
        vs.                                     )          Case No. 4:13CV1206 JCH
                                                )
MICHAEL S. BOWERSOX,                            )
                                                )
                    Respondent.                 )

**MEMORANDUM AND ORDER**

        This matter is before the Court on Missouri State prisoner Matthew E. Wilson's *pro se*

amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter is fully

briefed and ready for disposition.

        On June 13, 2008, a jury in the Circuit Court of St. Charles County, Missouri, found

Petitioner guilty of one count of first-degree robbery, one count of felonious restraint, one count

of forcible sodomy, one count of sexual abuse, and four counts of armed criminal action.  On

July 18, 2008, Petitioner was sentenced as a prior and persistent offender to two terms of life

imprisonment, plus two sentences of fifteen years' imprisonment, and four sentences of

twenty-five years' imprisonment.[1]  The Missouri Court of Appeals affirmed the convictions and

sentence.  *State v. Wilson*, 320 S.W.3d 222 (Mo. App. 2010).  Petitioner thereafter filed a

motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was

denied without an evidentiary hearing.  The Missouri Court of Appeals affirmed the denial of

post-conviction relief.  *Wilson v. State*, 383 S.W.3d 51 (Mo. App. 2012).

---

1 Petitioner's various sentences were structured to run both consecutively and concurrently.

Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following ten claims for relief:

(1)    That the trial court erred in allowing Petitioner to proceed to trial without counsel;

(2)    That Petitioner received ineffective assistance of counsel, in that appellate counsel failed to raise on direct appeal the trial court's error in failing to appoint substitute counsel;

(3)    That the prosecutor engaged in misconduct, by informing witnesses subpoenaed by Petitioner that they need not honor the subpoenas, by threatening Petitioner's witness into refusing to provide evidence to Petitioner, and by withholding evidence;

(4)    That the prosecutor engaged in misconduct by tampering with the jury;

(5)    That the deputy sheriff engaged in misconduct by tampering with the jury;

(6)    That the alleged victim engaged in misconduct by tampering with the jury;

(7)    That the prosecutor engaged in misconduct by erasing an exculpatory news videotape;

(8)    That the prosecutor engaged in misconduct by withholding an exculpatory videotape;

(9)    That the prosecutor engaged in misconduct by withholding a second videotape; and

(10)   That Petitioner received ineffective assistance of counsel, in that his original trial counsel failed to receive and utilize an exculpatory videotape.

The Court will address the claims in turn.

## DISCUSSION

## I.    Procedural Default[2]

---

2 In his response, Respondent argues only that Petitioner procedurally defaulted the issue raised in Ground 3 of his § 2254 Petition. Nevertheless, a federal court has "discretion to consider an issue of procedural default sua sponte." *King v. Kemna*, 266 F.3d 816, 822 (8th Cir. 2001), *cert. denied*, 535 U.S. 934 (2002).

"A section 2254 applicant's failure to raise a claim in state post-conviction proceedings results in procedural default of that claim." *Lyons v. Luebbers*, 403 F.3d 585, 593 (8th Cir. 2005) (citation omitted); *see also Skillicorn v. Luebbers*, 475 F.3d 965, 976 (8th Cir.) (citation omitted) ("Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted."), *cert. denied*, 552 U.S. 923 (2007). "To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording such courts a fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim." *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir.) (internal quotations and citations omitted; alteration in original), *cert. denied*, 540 U.S. 870 (2003). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Id.* at 1021 (internal quotations omitted). The Court finds that the majority of Petitioner's ten grounds for relief are procedurally barred, as a result of his failure properly to raise them in state court proceedings.

## A. <u>Grounds 3, 8, And 9</u>

As stated above, in Ground 3 of his petition Petitioner asserts the prosecutor engaged in misconduct, by informing witnesses subpoenaed by Petitioner that they need not honor the subpoenas, by threatening Petitioner's witness into refusing to provide evidence to Petitioner, and by withholding evidence. (§ 2254 Petition, PP. 12-14). In Ground 8 Petitioner asserts the prosecutor engaged in misconduct by withholding an exculpatory news videotape, as follows: "That the assistant prosecutor, Rebecca Shaffar, had received a copy of the news reporter interview with the allege victim containing the allege victim stating "He never touch me," which shows "Defendant's" innocents, but, said-prosecutor withheld the said-tape, and did not turn it

over to defense."[3]  (Id., PP. 18-19).  In Ground 9 Petitioner asserts the prosecutor engaged in

misconduct by withholding a second videotape, as follows:

> On June 10, 2008, assistant prosecutor, Rebecca Shaffar, was handed a cassette tape by Tracy Conger while a Trisha Barker filmed it by video without being seen.  As the said-cassette tape contained the allege-victim asking the "Defendant" to do a "hit" on her husband and contained all of actually went on during the allege crime that shows no crime actually took place which proves "Defendant's" innocents.

(Id., PP. 19-20).

Petitioner raised variations of these claims before the 29.15 post-conviction motion court,

and the court denied the claims as follows:

> 2a.  Movant's[4] second and third claims were based on a denial for compulsory process for obtaining witnesses/prosecutorial misconduct and prosecutorial misconduct.

> 2b.  First, movant fails to claim that appellate counsel was ineffective for not including these claims (trial court denial for compulsory process) in his direct appeal.  Movant is only entitled to relief under a Rule 29.15 motion to challenge that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so or that the sentence imposed was in excess of the maximum sentence authorized by law.  Movant fails to state a claim upon which relief can be granted or that an evidentiary hearing should be granted as to the denial of compulsory process.  Trial errors are a matter for direct appeal and cannot be litigated under a Rule 29.15 motion.

> Generally, a freestanding claim of prosecutorial misconduct is not considered in a Rule 29.15 motion.  Such motions are not substitutes for direct appeal.  *Tisius v. State*, 183 S.W.3d 207, 213 (Mo. banc 2006.)  Claims of trial error are only cognizable in a Rule 29.15 motion when fundamental fairness requires, and then, "only in rare and exceptional circumstances."  *Tisius*, 183 S.W.3d at 213.  If the alleged misconduct were apparent at trial, then it is not an issue for a Rule 29.15 motion, but for direct appeal.  *Id.*  Here, this alleged misconduct would have been apparent not only *at* trial, but *before* trial.  As the movant's motion

---

3 The Court reproduces all quoted portions of Petitioner's § 2254 petition without alteration.

4 Petitioner is referred to as "movant" by the 29.15 post-conviction motion court.

claims, his "desire and intention to present the videotape evidence at trial was exceedingly apparent before trial." See Movant's Amended Motion to Vacate, Set Aside or Correct Judgment page 22, footnote 4 regarding a hearing on October 28, 2007. Additional examples of recorded hearings on these issues include a hearing on January 18, 2008, (transcript on appeal, page 251 line 17 through page 259 line 9) a hearing on June 5, 2008, (transcript on appeal page 208 line 4 through page 216 line 14) another hearing on June 10, 2008, (transcript on appeal page 232 line 10 through page 238 line 19) and the trial itself on June 13, 2008. (transcript on appeal page 728 line 11 through page 731 line 8) This is not an exhaustive list of the examples to show these claims were apparent at trial. Movant fails to state a claim upon which relief can be granted or that an evidentiary hearing should be granted as to prosecutor misconduct. This matter could be an issue on direct appeal and cannot be litigated under a Rule 29.15 motion under the facts presented in this case….

4a.    Movant alleges that the assistant prosecutor told several news channels they did not have to honor subpoenas.

4b.    This claim in essence, is prosecutorial misconduct which has been addressed in 2b above. Therefore, this claim does not entitle defendant to post-conviction relief or an evidentiary hearing.

5a.    Movant alleges he was not able to receive news tapes showing the alleged victim stating she was never touched or sexually molested by the defendant.

5b.    In essence, this is the same as claim 2a above. Movant is only entitled to relief under a Rule 29.15 motion to challenge that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so or that the sentence imposed was in excess of the maximum sentence authorized by law. Movant fails to state a claim upon which relief can be granted or that an evidentiary hearing should be granted as to the denial of compulsory process. All trial errors are a matter for direct appeal and cannot be litigated under a Rule 29.15 motion. Movant has failed to state a claim that relief can be granted under rule 29.15.

6a.    Movant's last two claims alleged that the assistant prosecutor withheld evidence.

6b.    Prosecutorial misconduct has been discussed above and movant is not entitled to any relief or an evidentiary hearing.

(Resp.'s Exh. F, PP. 68-70). Petitioner advanced the claims on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claims as follows:

> Wilson's second point on appeal focuses on claims of prosecutorial misconduct. In particular, Wilson avers that the motion court erred when it denied, without an evidentiary hearing, his post-conviction motion based upon prosecutorial misconduct.
>
> "A freestanding claim of prosecutorial misconduct is generally not cognizable in a Rule 29.15 proceeding." Tisius v. State, 183 S.W.3d 207, 212 (Mo. banc 2006). "If the alleged misconduct was apparent at trial, then it is an issue for direct appeal, not a Rule 29.15 proceeding." Id. Accordingly, we review claims of prosecutorial misconduct under Rule 29.15 only when the alleged misconduct was serious and would not have been apparent at trial. Id.
>
> Because Wilson had knowledge of the alleged prosecutorial misconduct at the time [of] trial, Wilson does not satisfy the requirements allowing his claim to be considered in a post-conviction motion. The record shows that Wilson had knowledge of the alleged prosecutorial misconduct before trial when Wilson filed his motion for a continuance on May 28, 2008. As grounds for his motion for continuance, Wilson stated that the assistant prosecuting attorney interfered with his right to present a defense, including securing evidence and calling defense witnesses. The trial court heard and denied Wilson's motion on June 10, 2008. Wilson now asserts these same facts and allegations as the basis for his claims of prosecutorial misconduct in his motion for post-conviction relief. We note that the trial court also conducted multiple hearings where Wilson claimed that the prosecutor interfered with witnesses subpoenaed by Wilson and withheld or obstructed the collection of evidence. Although Wilson failed to present any evidence of prosecutorial misconduct to the trial court, the record on appeal is clear that Wilson was aware of the actions upon which he based his allegations of misconduct at the time of trial. Wilson could have raised these claims on direct appeal. Having failed to raise on direct appeal the alleged prosecutorial misconduct known to him at trial, Wilson is precluded from asserting now the same facts as his basis for post-conviction relief. See Tisius, 183 S.W.3d at 212. Point denied.

(Resp. Exh. H, PP. 10-11).

Upon consideration, the Court finds that Grounds 3, 8 and 9 are procedurally barred, because Petitioner failed to raise the claims on direct appeal of his conviction. *See Ivory v. State*, 422 S.W.3d 503, 507 (Mo. App. 2014). The Court recognizes that Petitioner attempted to raise the claims in his *pro se* and amended 29.15 motions, however, the Missouri Court of

Appeals held that, "[a] freestanding claim of prosecutorial misconduct is generally not cognizable in a Rule 29.15 proceeding….If the alleged misconduct was apparent at trial, then it is an issue for direct appeal, not a Rule 29.15 proceeding." (Resp. Exh. H, P. 10 (internal quotations and citations omitted)). "Federal courts may not grant habeas relief based on procedurally defaulted claims if the state court's reason for finding default rests on adequate and independent state grounds." *Wooten v. Norris*, 578 F.3d 767, 777 (8th Cir. 2009) (citation omitted). The Missouri Court of Appeals' rejection of Petitioner's post-conviction claims of prosecutorial misconduct was based solely on a state procedural rule, specifically, the requirement that claims of prosecutorial misconduct must be raised on direct appeal; thus, "federal habeas review of the claims is barred unless the [Petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.), *cert. denied*, 515 U.S. 1163 (1995).

Petitioner has not shown cause for his failure to raise the claims on direct appeal in state court. The Court further finds Petitioner cannot prove that this Court's failure to consider his claims of prosecutorial misconduct would result in a fundamental miscarriage of justice. The fundamental miscarriage of justice exception "requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (citations omitted), *cert. denied*, 549 U.S. 1036 (2006). "The requirements to establish the requisite probability of innocence are high. [Petitioner] must first come forward with 'new' evidence, and then he must show that 'it

is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (internal citation omitted) (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001) and *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)), *cert. denied*, 547 U.S. 1022 (2006). Petitioner cannot meet this high standard. In other words, while Petitioner apparently asserts his actual innocence would be demonstrated by the two withheld videotapes, he supports this claim with only his own declarations, and unsigned affidavits from the alleged witnesses.[5] As explained by the Eighth Circuit, a petitioner's "bare, conclusory assertion that he is actually innocent is not sufficient to invoke the exception," because if "'protestation of innocence [were] the only prerequisite to application of this exception, we fear that actual innocence would become a gateway forever open to habeas petitioners' defaulted claims.'" *Weeks v. Bowersox*, 119 F.3d 1342, 1352-53 (8th Cir. 1997) (quoting *Wyldes v. Hundley*, 69 F.3d 247, 254 (8th Cir. 1995)), *cert. denied*, 522 U.S. 1093 (1998). Therefore, the claims raised in Grounds 3, 8 and 9 of the instant petition are procedurally barred and must be denied.

### B. Grounds 4 And 5

As stated above, in Ground 4 of his petition Petitioner asserts the prosecutor engaged in misconduct by tampering with the jury. (§ 2254 Petition, PP. 15-16). Specifically, Petitioner asserts as follows:

> On June 11, 2008, at or about 5:15 p.m. Mr. Jacob W. Cole, juror #25, was walking with two female jurors who were talking about the trial case. Juror #25 stated, "I don't believe the victim and there is something wrong going on in this trial." Later that evening the assistant prosecutor Rebecca Shaffar, called juror #25 and informed him that he "needs to get himself excused as a juror from the trial tomorrow." On June 12, 2008, when juror #25 had not ask to be excused prior to the State resting in the case, during the lunch recess, juror #25 was approached by deputy sheriff "Oliver" and

---

[5] Despite requesting additional time in which to do so, Petitioner has not submitted the videotapes at issue to the Court.

informed "you are to have yourself excused or the assistant prosecutor is going to have you charged and jailed for failure to inform the Court of your prior "DWIs" which is a crime and you'll go to jail." Juror #25 stated "I do not know how to get myself excused." Deputy sheriff "Oliver" told juror #25 that "I and assistant prosecutor will take care of it, just go along with what we say in Court."

(Id.). In Ground 5, Petitioner alleges the deputy sheriff engaged in misconduct by tampering with the jury, as follows:

On June 12, 2008, deputy sheriff "Oliver" had conspired with assistant prosecutor, Rebecca Shaffar, in tampering with a juror (Juror #25—Jacob W. Cole), in threatening said juror to excuse himself off the jury. Including deputy sheriff "Oliver" committing perjury by stating under oath that said juror "came to him asking questions", when in fact juror #25 never did.

(Id., P. 16). Petitioner did not raise the claims asserted in Grounds 4 and 5 on direct appeal, nor did he raise them in his post-conviction motion.

"Missouri procedure requires that a claim be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir.) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. App. 1980)), *cert. denied*, 513 U.S. 983 (1994). Because Petitioner failed to raise the claims stated in Grounds 4 and 5 of the instant petition in any state court proceeding, he is procedurally barred from pursuing them here. *Coleman*, 501 U.S. at 731-32; *Forest*, 52 F.3d at 719; *Keithley,* 43 F.3d at 1217. Therefore, this Court cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

This Court previously has ruled out the latter option, by noting that Petitioner failed to make a properly supported claim of actual innocence. Thus, the Court will consider only whether Petitioner has made a showing of cause for defaulting on his claims of juror tampering, and prejudice resulting therefrom.

Petitioner apparently attempts to show cause for his failure to raise the claims in state court, by asserting that he "only recently…received this information and evidence." (§ 2254 Petition, PP. 15, 16).[6] With respect to prejudice, however, the Court's review of the record reveals that while Juror #25 was in fact excused from the trial, it was because both the deputy sheriff and the jury supervisor expressed concerns regarding said juror. (*See* Resp. Exh. B, PP. 670-672). Furthermore, a search by the State court revealed that the same juror had pled guilty to and received a suspended imposition of sentence for drug charges, and also had two pending criminal cases, facts which he had failed to admit during *voir dire*. (Id., PP. 672-674). As a result, both Petitioner and the State agreed that Juror #25 should no longer participate in the trial. (Id., PP. 674-675). Under these circumstances, the Court finds Petitioner has failed to demonstrate the requisite prejudice. Therefore, the claims raised in Grounds 4 and 5 of the instant petition are procedurally barred and must be denied.

### C.  Ground 6

As stated above, in Ground 6 of his petition Petitioner asserts the alleged victim engaged in misconduct by tampering with the jury. (§ 2254 Petition, P. 17). As support, Petitioner asserts only that "The allege victim and a member of the jury after the first day of trial had met and spoke to each other for several minutes, as was accidentally caught on tape." (Id.). Petitioner did not raise the claim asserted in Ground 6 on direct appeal, nor did he raise it in his post-conviction motion.

As noted above, "Missouri procedure requires that a claim be presented 'at each step of the judicial process' in order to avoid default." *Jolly*, 28 F.3d at 53 (citation omitted). Because

---

6 Petitioner gives no indication as to how he acquired the information regarding Juror #25, stating only that he found it "by accident." (§ 2254 Petition, P. 17). Such a bare allegation, without support, is insufficient to demonstrate cause for a procedural default.

Petitioner failed to raise the claim stated in Ground 6 of the instant petition in any state court proceeding, he is procedurally barred from pursuing it here. *Coleman*, 501 U.S. at 731-32; *Forest*, 52 F.3d at 719; *Keithley*, 43 F.3d at 1217. Therefore, this Court cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

This Court previously has ruled out the latter option, by noting that Petitioner failed to make a properly supported claim of actual innocence. Thus, the Court will consider only whether Petitioner has made a showing of cause for defaulting on his claim of juror tampering by the victim, and prejudice resulting therefrom.

Petitioner again attempts to show cause for his failure to raise the claim in state court, by asserting that he "only recently…received this information and evidence as the video tape that captured the juror and allege victim together, the video taker did not know the person was a member of the jury." (§ 2254 Petition, P. 17). With respect to prejudice, however, the Court notes that Petitioner does not submit the identity of the individual who allegedly alerted him that the conversation occurred, nor does he give any indication as to the nature of the alleged conversation between the victim and the juror. Under these circumstances, the Court finds Petitioner has failed to demonstrate the requisite prejudice. Therefore, the claim raised in Ground 6 of the instant petition is procedurally barred and must be denied.

### D. Ground 7

As stated above, in Ground 7 of his petition Petitioner asserts the prosecutor engaged in misconduct, by erasing an exculpatory news videotape. (§ 2254 Petition, PP. 17-18). Specifically, Petitioner asserts as follows:

GROUND SEVEN: St. Charles County detention center jail officer, D. Clover, was instructed to take the news tape video out of the "Defendant's" property storage at the jail

and take it to the assistant prosecutor's office to Ms. Shaffar. Prior to said-jailor taking said-tape to said-office, said-jailor played the tape to the beginning of the news reporter speaking. He then stopped the tape and took it to said-Ms. Shaffar. Several hours later he was called to pick the said-tape up and return to "Defendant's" property. Prior to putting said-tape back, said-jailor played said-tape to make sure it was set at beginning of the news report, but, said-jailor could find nothing on the tape as it was erased.

(Id., P. 18). Petitioner did not raise the claim asserted in Ground 7 on direct appeal, nor did he raise it in his post-conviction motion.

As noted above, "Missouri procedure requires that a claim be presented 'at each step of the judicial process' in order to avoid default." *Jolly*, 28 F.3d at 53 (citation omitted). Because Petitioner failed to raise the claim stated in Ground 7 of the instant petition in any state court proceeding, he is procedurally barred from pursuing it here. *Coleman*, 501 U.S. at 731-32; *Forest*, 52 F.3d at 719; *Keithley*, 43 F.3d at 1217. Therefore, this Court cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

This Court previously has ruled out the latter option, by noting that Petitioner failed to make a properly supported claim of actual innocence. With respect to cause and prejudice, the Court notes Petitioner attempts to demonstrate cause for his procedural default by asserting he "only recently…received this information and evidence. I had no way to find out this information until recently and that was only finding out because the jailor is now willing to tell the truth." (§ 2254 Petition, P. 18). Petitioner gives no indication as to the identity of the alleged jailor now willing to "tell the truth," however, nor does he provide an affidavit from said jailor. Under these circumstances the Court finds that Petitioner's bare allegation, without support, is insufficient to demonstrate cause for his failure to raise the claim in state court. The claim raised in Ground 7 of the instant petition thus is procedurally barred and must be denied.

### E. <u>Ground 10</u>

As stated above, in Ground 10 of his petition Petitioner asserts he received ineffective assistance of counsel, in that his original trial counsel failed to receive and utilize an exculpatory videotape. (§ 2254 Petition, PP. 20-21). Although Petitioner could not raise this claim of ineffective assistance of counsel on direct appeal of his conviction, he did have the opportunity to raise it in his motion for post-conviction relief. *See State v. Giaimo*, 968 S.W.2d 157, 159 (Mo. App. 1998) (citation omitted) ("Claims of ineffective assistance of counsel cannot be raised in a direct appeal, but can be raised only in a Rule 29.15 motion for post-conviction relief."). Petitioner failed to take advantage of this opportunity. Thus, because Petitioner did not present the claim "'at each step of the judicial process,'" this Court cannot now consider it in federal habeas proceedings. *Jolly*, 28 F.3d at 53 (citation omitted).

As explained in the preceding sections, the only exception to this procedural bar is if Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Having already ruled out the latter option due to Petitioner's failure to assert a properly supported claim of actual innocence, the Court will address only Petitioner's cause and prejudice argument.

In an attempt to establish cause for his default, Petitioner alleges as follows:

> Only recently after filing Habeas Petition I received this information and evidence. I had no way to find out this information and evidence until recently when a friend ran into Ms. Barker as she moved and went into hiding after receiving threats from assistant prosecutor.

(§ 2254 Petition, P. 21). Petitioner gives no indication as to the identity of the "friend" who provided him with the information, however, nor does he provide affidavits from said friend or Ms. Barker. Under these circumstances the Court finds that Petitioner's bare allegation, without support, is insufficient to demonstrate cause for his failure to raise the claim in state court. The

claim raised in Ground 10 of the instant petition thus is procedurally barred and must be denied.

## II.     Claims Addressed on the Merits

### A.     Ground 1

As stated above, in Ground 1 of his petition Petitioner asserts the trial court erred in allowing Petitioner to proceed to trial without counsel.  (§ 2254 Petition, PP. 6-8).  Petitioner raised this claim on direct appeal of his conviction, and the Missouri Court of Appeals denied the claim as follows:

> In his sole point, Defendant[7] contends the trial court plainly erred in allowing him to proceed to trial without counsel because he did not knowingly, voluntarily, and intelligently waive his right to counsel.  Defendant asserts the record shows he wanted to be represented by counsel, but felt compelled to go to trial *pro se* rather than be represented by his appointed counsel.

> Defendant failed to raise this issue to the trial court and failed to file a motion for new trial.  Thus, as conceded by Defendant, his claim is not preserved for appellate review and he requests plain error under Rule 30.20.  To be entitled to relief under the plain error rule, a defendant must demonstrate that the error so substantially affected the defendant's rights that a manifest injustice or a miscarriage of justice would inexorably result if the error were to be left uncorrected.  State v. Nichols, 207 S.W.3d 215, 224 (Mo. App. S.D. 2006).

> "The corollary to the right to counsel is that 'an accused also has the constitutional right to appear *pro se* and defend himself.'"  State v. Roper, 268 S.W.3d 392, 399 (Mo. App. W.D. 2008) (quoting State v. Watson, 687 S.W.2d 667, 669 (Mo. App. E.D. 1985)).  Where a defendant elects to proceed *pro se*, the record must indicate that he was offered counsel, but that he voluntarily, knowingly, and intelligently rejected the offer and waived that right.  Id.

> There are four requirements for a defendant seeking to waive his right to counsel and proceed *pro se.*  State v. Black, 223 S.W.3d 149, 153 (Mo. banc 2007).  A defendant's invocation of his right to proceed *pro se* must be made unequivocally and in a timely manner, and the corresponding waiver of counsel must be made knowingly and intelligently.  Id.  Defendant does not challenge the first two requirements, but does allege that his waiver of counsel was not knowing and intelligent.

> A defendant's waiver of counsel is considered knowing and intelligent if the trial court timely informs the defendant as to the nature of the charges against him or her,

---

7 Petitioner is referred to as "Defendant" by the Missouri Court of Appeals on direct appeal.

potential sentences if convicted of the offenses, potential defenses he or she can offer, the nature of the trial proceedings, and the fact that, if the defendant refuses counsel, he will be required to proceed *pro se* and the dangers of proceeding *pro se*. Id. at 154.

Here, the trial court twice informed Defendant of the information required under Section 600.051 for waiving his right to counsel and Defendant twice signed waiver forms. The trial court informed Defendant of the nature of the charges and the potential sentences. Defendant was informed of the nature of the trial proceedings. Moreover, Defendant had prior contact with the criminal justice system and told the trial court that he had represented himself in a previous case.[8] In addition, the trial court told Defendant he did not have the right to pick his appointed counsel and the trial court could not assign him a different public defender, and therefore, if he refused his appointed counsel he would have to proceed *pro se*. The trial court further explained the dangers of representing himself. The trial court, however, did not advise Defendant of potential defenses he could offer. Defendant does not assert his waiver was not knowing and intelligent due to the trial court's failure to inform him of possible defenses.[9]

Defendant's argument that his waiver was not knowing and intelligent is based on his indications to the trial court that he wanted to be represented by counsel but not his appointed counsel and felt forced to go to trial *pro se* rather than be represented by his appointed counsel. This court has rejected this argument that a waiver of counsel was not made knowingly, voluntarily, and intelligently because the defendant's choice to proceed *pro se* was forced by his unhappiness with his appointed counsel. State v. McGee, 781 S.W.2d 161, 162 (Mo. App. E.D. 1989).

Defendant also claims that his right to counsel was violated because he was not able to adequately defend himself. The constitutional right to self-representation does not guarantee a defendant that his self-representation must be effective. State v. Tyler, 622 S.W.2d 379, 385 (Mo. App. E.D. 1981).

The record shows Defendant knowingly, voluntarily, and intelligently waived his right to counsel. The trial court did not plainly err in allowing Defendant to proceed to trial *pro se*. Defendant's point is denied.

(Resp. Exh. D, PP 9-11).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in

pertinent part as follows:

---

[8] The court can consider a defendant's prior contact with the criminal justice system in determining whether his waiver of counsel was made knowingly and intelligently. State v. Hunter, 840 S.W.2d 850, 859 (Mo. banc 1992).
[9] Defendant did not raise this issue in his point relied and did not develop this issue in the argument portion of his brief. Our review is limited to issues raised in the point relied on and developed in the argument portion of a brief. State v. Irby, 254 S.W.3d 181, 195 (Mo. App. E.D. 2008). In addition, we note Section 600.051.1 does not require that defendants be informed of possible defenses.

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Upon consideration, the Court finds the decision of the Missouri State court did not involve an unreasonable application of clearly established federal law. *See, e.g.*, *Iowa v. Tovar*, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) (citation omitted) ("any waiver of the right to counsel must be knowing, voluntary, and intelligent"); *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (internal quotations and citation omitted) (waiver is valid only if the defendant is "made aware of the dangers and disadvantages of self-representation" at the time of the waiver, "so that the record will establish that he knows what he is doing and his choice is made with eyes open.").   The decision further was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.   Rather, a review of the record shows the trial court thoroughly and specifically warned Petitioner of the perils and pitfalls of representing himself.   (*See* Resp. Exh. B, PP. 49-67).   Petitioner acknowledged to the court his understanding of the hazards, and further signed two written waivers of his right to appointed counsel, thus demonstrating that his waiver of counsel was knowingly, voluntarily, and intelligently made.   (Id.; *see also* Resp. Exh. A, PP. 36-39, 48-51).   Ground 1 is denied.

**B.**    **Ground 2**

As stated above, in Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that appellate counsel failed to raise on direct appeal the trial court's error in failing to appoint substitute counsel.  (§ 2254 Petition, PP. 8-12).  Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

> 1a.    Movant's first claim is that appellate counsel was ineffective for failing to raise on direct appeal the assertion that the trial court abused its discretion for not appointing substitute counsel.
>
> 1b.    Missouri law requires that the defendant show "justifiable dissatisfaction" with his appointed counsel to warrant substitution of counsel.  *State v. Gilmore*, 697 S.W.2d 172, 173 (Mo. banc 1985).  Such substitution is committed to the sound discretion of the trial court.  *United States v. Mentzos*, 462 F.3d 830, 839 (8th Cir. 2006).  A defendant does not possess an absolute right to counsel of his own choosing, and a district court may require the defendant to choose either to proceed *pro se* (with or without the help of standby counsel) or to use the full assistance of counsel to present the defendant's defense.  *Mentzos*, 462 F.3d at 839.
>
> The transcript on appeal shows that movant was repeatedly queried by the trial court and that movant failed to show "justifiable dissatisfaction" with his appointed attorney.  There was a previous discussion not on the record (October 5, 2007) as well as extensive hearings on the record starting on October 18, 2007.  (Transcript on appeal, page 15 line 13 through page 67 line 20)  The trial Court attempted to probe into whether there was any factual basis to support movant's dissatisfaction and whether movant's asserted dissatisfaction with his appointed attorney was justifiable.  When the Court asked movant if he would cooperate with his appointed lawyer, movant stated that he would not.  (Transcript Page 20, line 10)  When the Court attempted to probe deeper into whether movant would cooperate with his appointed attorney, movant essentially refused to answer the Court's question.  (Transcript Page 20, line 17—Page 21, line 7)
>
> The Court has an interest in not loosely granting a motion by a Defendant who asserts unsupported allegations directed toward his appointed attorney.  It is important for the court to find out what, if anything, is behind the allegations.  For this reason, the Court in its inquiry with movant wanted to explore the prospect of improving any communication problems between the two and giving movant and his attorney a reasonable amount of time to work together to reconcile any issues, if in fact problems existed.  The Court concluded that movant was unwilling to even attempt to address any attorney-client issues and that

therefore if any irreconcilable conflict existed it was generated by the movant. Consequently, there was no justifiable dissatisfaction with movant's attorney.

The movant specifically asserted to the Court that his attorney was "working hand in foot with the prosecutor." (Transcript Page 23, line 2) The court thoroughly questioned the movant about his dissatisfaction with his appointed counsel and specifically found that movant's factual assertions contained in his motion were not credible. (Transcript on appeal, page 25 line 22 through page 26 line 15) The Court specifically found that there was no credible information that movant's attorney and the prosecutor were engaged in a concerted effort to deprive movant of his constitutional rights.

The Court questioned movant as to his progress on hiring private counsel (Transcript on appeal, page 18 line 14 through page 19 line 4; page 34 line 19 through page 35 line 2). On December 21, 2007, Movant was again thoroughly questioned as to his right to represent himself and his right to counsel. Movant affirmatively and repeatedly stated his desire to represent himself, even though the court strongly recommended against self-representation and warned movant of the perils of self-representation. (Transcript on appeal, page 35 line 10 through page 38 line 23; page 42 line 8 through page 67 line 20)

Movant failed to show justifiable dissatisfaction with his appointed attorney and his claim of such is refuted by the record. Because the movant had no justifiable dissatisfaction with his appointed attorney, the trial court did not err in its discretion by refusing to appoint substitute counsel. A reasonably competent attorney would not have included such a claim on appeal when the claim is clearly refuted by the record and movant's claim was found not to be credible. Movant failed to meet his burden as to ineffective assistance of counsel. Movant failed to meet his burden to be entitled to an evidentiary hearing as he alleged conclusions which were refuted by the record and did not demonstrate any prejudice.

In addition, this Court finds that movant's appellate attorney filed a claim on appeal that he wanted to be represented by counsel and was forced to go to trial pro se. The Court of Appeals rejected movant's argument on appeal that his waiver of counsel was not knowingly, voluntarily and intelligently made. An issue litigated on direct appeal cannot be made in a 29.15 proceeding absent rare and exceptional circumstances, none of which appear here. *Miller v. State*, 856 S.W.2d 76 (Mo. App. E.D. 1993). Movant is not entitled to any relief. An evidentiary hearing would serve no purpose.

(Resp.'s Exh. F, PP. 65-68). Petitioner advanced the claim on appeal of the denial of his Rule

29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

In his first point, Wilson argues that the motion court erred in denying his motion because his appellate counsel was constitutionally ineffective in failing to appeal the issue of whether the trial court committed plain error in failing to appoint substitute defense counsel.

It is well established that "[t]o obtain an evidentiary hearing for claims related to the ineffective assistance of counsel, the movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that the movant was thereby prejudiced." Morrow v. State, 21 S.W.3d 819, 823 (Mo. banc 2000) (internal citations omitted). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that [the proceedings] cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). However, there is a strong presumption that defense counsel's strategy was reasonable, and judicial scrutiny of counsel's performance must be highly deferential. Id. at 689. Therefore, relief will only be granted where the movant can show both deficient performance and prejudice. Id. at 692.

To prevail on a claim of ineffective assistance of appellate counsel, the movant must establish that appellate counsel failed to raise a claim of error that was so obvious that a competent and effective attorney would have recognized and appealed the issue. Tisius v. State, 183 S.W.3d 207, 215 (Mo. banc 2006). The claimed error must have been sufficiently serious as to create a reasonable probability that, if the issue had been raised on direct appeal, the outcome of the appeal would have been different. Id. Appellate counsel enjoy a presumption that failure to raise an issue on direct appeal was the result of their reasonable professional judgment. Toten v. State, 295 S.W.3d 896, 899 (Mo.App. S.D. 2009) (internal citations omitted). Appellate counsel are not required to raise every non-frivolous point of appeal. Jones v. Barnes, 463 U.S. 745, 753–54 (1983).

The record clearly supports the motion court's finding that appellate counsel was not ineffective. First, we note that Wilson did not preserve for direct appeal the issue of whether the trial court erred in failing to appoint substitute counsel. Accordingly, at most, this Court would have reviewed this claim only for plain error. Importantly, Wilson has not shown that we would have undertaken plain error review of this issue.[10]

---

10 We note State's citation to cases suggesting that appellate counsel are not ineffective for failing to raise on direct appeal an unpreserved error that would have been subjected to the rigorousness of plain error review. See Holman v. State, 88 S.W.3d 105, 110 (Mo. App. E.D. 2002) and Honeycutt v. State, 54 S.W.3d 633, 650 (Mo. App. W.D. 2001). We are not convinced that appellate counsel may never be found ineffective for failing to raise unpreserved issues, and have found no Missouri Supreme Court case suggesting such an absolute application of this principle. However, we need not reach that issue given our finding that Wilson would not have prevailed had his appellate counsel raised this issue as plain error on direct appeal.

We are not persuaded that Wilson's claim of plain error due to the trial court's failure to appoint substitute counsel would have been meritorious on direct appeal. Under the protections afforded under the Sixth Amendment, criminal defendants are not entitled to appointed counsel of their choice. A criminal defendant does not have a right to select from an array of appointed public counsel until they are satisfied. State v. Williams, 9 S.W.3d 3, 10 (Mo.App. W.D.1999). To warrant substitution of counsel a defendant must demonstrate justifiable dissatisfaction with appointed counsel. Id. We note that mere dissatisfaction with counsel is not the test we apply to ensure a criminal defendant's constitutionally protected right to counsel. A defendant's dissatisfaction with counsel must be justifiable before the Sixth Amendment requires the appointment of substitute counsel. State v. Johnson, 328 S.W.3d 385, 398–99 (Mo.App. E.D. 2010).

Here, the record on appeal shows that any conflict between Wilson and Horwitz was created by Wilson, and was not justifiable. The record lacks any facts indicating inappropriate actions or omissions by Horwitz. Wilson argues Horwitz's early desire to discuss a plea with Wilson suggests an irreconcilable conflict and breakdown in the attorney client relationship that warrants the appointment of substitute counsel. Given the facts and evidence of this case, we are unwilling to consider defense counsel's desire to explore a possible plea as justification for Wilson's subsequent attitude toward appointed counsel. The record clearly indicates that while Wilson voiced a general dislike for Horwitz, he was unable to articulate specific facts supporting his dissatisfaction when questioned by the trial court. During the first hearing on the issue, the trial court queried Wilson regarding the basis of his dissatisfaction with Horwitz. Wilson said that his justification was based upon his general belief that Horwitz was working with the prosecutor and did not want to represent him. However, Wilson did not provide any facts supportive of these assertions. The trial court repeatedly asked Wilson whether he would cooperate with Horwitz. Wilson refused to agree to cooperate with his public defender. The trial court also specifically held that Wilson's factual allegations as to the existence of a conspiracy between Horwitz and the prosecutor were not credible. The record before us is clear that any dissatisfaction Wilson expressed with appointed counsel was of Wilson's making, and unjustified. Accordingly, the trial court was under no obligation under the Sixth Amendment to provide Wilson with substitute counsel. See id. Because Wilson's claim as to the trial court's failure to appoint substitute counsel had no merit, appellate counsel was not constitutionally ineffective in failing to raise said point on direct appeal. Point denied.

(Resp. Exh. H, PP. 7-10).

As noted above, with respect to federal court review of state court conclusions, 28 U.S.C.

§ 2254 states in pertinent part as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

"It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel on direct appeal." *Cole v. Dormire*, 2011 WL 1258249, at \*14 (E.D. Mo. Jan. 20, 2011) (citing *Evitts v. Lucey,* 469 U.S. 387, 396–97 (1985); *Douglas v. California,* 372 U.S. 353, 357–58 (1963)). The proper standard for evaluating a claim of ineffective assistance of appellate counsel is that set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.* In other words, Petitioner must show that his appellate attorney's performance fell below the reasonable standard of competence, and that there is a reasonable probability that the result would have been different absent this deficient performance. *See Strickland,* 466 U.S. at 687; *Gee v. Groose,* 110 F.3d 1346, 1352 (8th Cir. 1997).

"Appellate counsel is expected to winnow the issues on appeal to highlight the most meritorious issues and eliminate the sure losers." *Cole*, 2011 WL 1258249, at \*14 (citing *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983); *Gee,* 110 F.3d at 1352; *Pollard v. Delo,* 28 F.3d 887, 889 (8th Cir. 1994)). "An attorney's decision not to raise an unwinnable issue on appeal is an important strategic decision in competent appellate advocacy, and does not constitute ineffective assistance of appellate counsel." *McCord v. Norman*, 2012 WL 1080925, at \*16 (E.D. Mo. Mar. 30, 2012) (citations omitted). Thus, "[i]f an issue an appellate attorney failed to raise on appeal is not meritorious, then appellate counsel cannot be considered ineffective for having failed to argue that issue on appeal." *Cole*, 2011 WL 1258249, at \*14 (citations omitted).

Upon consideration the Court finds that with this claim, Petitioner fails to establish that his appellate counsel's performance was constitutionally deficient. The Court notes that had appellate counsel raised the issue of the trial court's failure to appoint substitute counsel on appeal, it would have been denied, as Petitioner failed to establish the justifiable dissatisfaction with appointed counsel necessary to warrant substitution of counsel under Missouri law. Under these circumstances, Petitioner's claim of ineffective assistance of appellate counsel fails, and Ground 2 must be denied. *See Cole*, 2011 WL 1258249, at *14 ("Because an attorney cannot provide ineffective assistance in omitting an unwinnable issue from a direct appeal, and Petitioner would not have prevailed on direct appeal if the issue had been included in that appeal, Petitioner's [second] ground for relief lacks merit.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 14) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 24th Day of September, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE